UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLAN CHRIS BONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-604 JM |
| ) | |
| DR. CARL N. RUTT, M.D., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Marlan Chris Bonds, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

>   entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bonds alleges that as a result of being improperly medicated and insufficiently supervised as an outpatient by Dr. Carl Rutt and Oaklawn Psychiatric Center, Inc., he assaulted a child for which he was then prosecuted and incarcerated. Prior to Mr. Bonds' arrest on October 29, 2003, he was not a pre-trial detainee and Dr. Rutt's treatment of him at the Oaklawn Psychiatric Center was not done under color of state law. To state a claim under § 1983, the defendant must be acting under color of state law. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Therefore the claims arising prior to October 29, 2003 must be dismissed.

Mr. Bonds alleges that on October 29, 2003, he was re-prescribed the same medication in the same dosage as he was prescribed prior to his arrest. On December 15, 2003, the dosage was reduced. Mr. Bonds alleges that these things were done by Dr. Rutt, Oaklawn Psychiatric Center, and/or Dr. Rhore, M.D. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners

2

and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley,* 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for

3

a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Mr. Bonds complaint makes clear that he was evaluated and treated. Though he disagrees with that treatment, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Even if the medication prescribed was unreasonable, even if prescribing it was incompetent or malpractice, this would not state a claim under § 1983. Mr. Bonds filings demonstrate that he has a long history of mental illness. Based on this record, even stabilizing his psychological condition may not have been possible. The Eighth Amendment does not require successful medical treatment nor even reasonable treatment, it merely prohibits wanting harm to come to a prisoner. Though his treatment may have been substandard, unreasonable, negligent, or an act of medical malpractice, the facts alleged by Mr. Bonds do not state a federal constitutional claim. Therefore these claims must be dismissed.

Mr. Bonds alleges that the Sheriff and the County Commissioners were also liable for his medical care. Non-medical prison officials are not liable for medical care.

4

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Therefore these claims must be dismissed.

Mr. Bonds alleges that his defense attorney did not properly represent him during his state criminal case and that Judge Bidlecome did not permit him to pursue an insanity defense because it was not timely asserted. Criminal defense attorneys cannot be sued under 42 U.S.C. § 1983, because a defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). State judges are entitled to absolute immunity from damages claims for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Ruling on Mr. Bonds' insanity defense was within the court's jurisdiction. Therefore, these claims must be dismissed.

Mr. Bonds alleges that Dr. Salvador Ceniceros and Dr. Gary M. Seltman falsely or erroneously found him competent to stand trial to cover up the treatment errors of their colleague and employer. If this allegation were to prevail

5

at trial in this civil case, it would mean that Mr. Bonds was not competent during his state criminal trial. Where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). Here, because Mr. Bonds conviction has not been overturned and because prevailing on this claim would undermine his criminal conviction, this claim must be dismissed without prejudice.

For the foregoing reasons, Mr. Bond's claims against Dr. Salvador Ceniceros and Dr. Gary M. Seltman are **DISMISSED WITHOUT PREJUDICE** and all other claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915A.

IT IS SO ORDERED.

ENTERED: October 12, 2005

                                        s/James T. Moody
                                        James T. Moody, Judge
                                        United States District Court